IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **IBRAHIMA MBODJ,** | : | CIVIL ACTION |
| *Petitioner,* | : | |
| | : | |
| v. | : | |
| | : | |
| **WARDEN OF THE FEDERAL** | : | No. 26-cv-0263 |
| **DETENTION CENTER, PHILADELPHIA,** | : | |
| **et al.,** | : | |
| | : | |
| *Respondents.* | : | |

# ORDER

**AND NOW**, this **23rd** day of **January 2026**, upon review of Petitioner Ibrahima Mbodj's Petition for a Writ of Habeas Corpus (ECF No. 1), Petitioner's Motion for Temporary Restraining Order (ECF No. 2), Respondents' Opposition (ECF No. 5), and the docket, it is hereby **ORDERED** as follows:

1. For the reasons stated in this District's prior cases, *see* Memorandum Opinion at 1–10, *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488 (E.D. Pa. Nov. 18, 2025); Memorandum Opinion at 1–14, *Anirudh v. McShane*, No. 25-cv-6458 (E.D. Pa. Dec. 9, 2025); Memorandum Opinion at 1–5, *Porras v. O'Neill*, No. 25-cv-6801 (E.D. Pa. Dec. 22, 2025), which Respondents do not argue are materially distinguishable,[1] *see*

---

[1] After Petitioner filed a motion for a temporary restraining order and petition for a writ of habeas corpus, *see* ECF Nos. 1–2, the Court ordered Respondents to identify in a brief letter by January 22, 2026, at 5:00 p.m., any facts that distinguished Petitioner's case from the overwhelming authority in this District rejecting Respondents' position. *See* ECF No. 3 at 2. Respondents did not file such a letter, and instead, filed an opposition brief that acknowledged that "the vast majority [of court cases]—including all decisions in this district (more than 100 to date)—have rejected the government's position." ECF No. 5 at 1–2. Nonetheless, Respondents raised certain arguments that were addressed in prior decisions to preserve the arguments for appeal. *See id.* at 2.

1

*generally* ECF No. 5, Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

2. On or before **January 26, 2026**, Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a), at which the parties will be allowed to present evidence and argument regarding whether Petitioner is a danger to the community and presents a flight risk if not detained.

3. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) on or before **January 26, 2026** as required herein, Petitioner shall be immediately released from detention while awaiting the bond hearing.

4. The Parties shall file a Joint Status Letter updating the Court as to the results of the bond hearing, on or before **February 2, 2026, at 5:00 p.m.** Further, the Parties shall advise the Court in their Joint Status Letter whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

5. The Motion for a Temporary Restraining Order (ECF No. 2) is **DENIED** as **MOOT** in light of the Court's grant of the above relief.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**

---

Respondents did not address whether Petitioner's case presented any distinguishable facts compared to prior cases addressing this issue, which the Court interprets as an admission that this case does not present distinguishable facts. *See generally* ECF No. 5. Accordingly, the Court adopts the reasoning of such cases, as noted in this Order.