IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **IBRAHIMA MBODJ,** | : | CIVIL ACTION |
| *Petitioner,* | : | |
| v. | : | |
| **WARDEN OF THE FEDERAL** | : | No. 26-cv-0263 |
| **DETENTION CENTER, PHILADELPHIA,** | : | |
| **et al.,** | : | |
| *Respondents.* | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                      February 6, 2026

On January 15, 2026, Petitioner Ibrahima Mbodj filed a petition for a writ of habeas corpus, challenging his detention without a bond hearing. *See* ECF No. 1 at 2. The Court granted the Petition, insofar as it concluded that Petitioner's detention without a bond hearing was unlawful, and it ordered Respondents to provide Petitioner with a bond hearing at which the Parties could present evidence and arguments. ECF No. 6 at 1–2. Petitioner now moves for additional relief (ECF No. 9). He argues that his bond hearing was fundamentally unfair and moves this Court to "reverse the denial of bond and release Petitioner." ECF No. 9 at 2. For the reasons set forth below, and after a hearing on the issues, the Motion (ECF No. 9) will be **DENIED**.

**I.     DISCUSSION**

When a district court orders a bond hearing pursuant to granting a writ of habeas corpus, the district court's jurisdiction to review the outcome of the bond hearing is limited. Generally, the court may review only whether the bond hearing failed to satisfy due process, or presented other

1

constitutional defects, in violation of the court's habeas corpus order. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (noting that though courts cannot "review any discretionary determinations underlying [an] IJ's bond decision," they "may review whether the bond hearing was fundamentally unfair," and reviewing the district court's decision regarding fundamental unfairness on the merits); *see also P.M. v. Joyce*, No. 22-CV-6321, 2023 WL 2401458, at *1 n.2 (S.D.N.Y. Mar. 8, 2023) ("[F]ailure to appeal the denial of bond does not preclude [a petitioner] from seeking a writ of habeas corpus for the unconstitutional deprivation of a bond hearing" if appealing to the Board of Immigration Appeals is futile). The court may not "relitigate the merits of [the] bond order" or weigh the evidence, and mere "disagreements about the outcome of the bond hearing" do not furnish a basis for relief in the district court. *See Ghanem*, 2022 WL 574624, at *2–3. If the bond hearing is not fundamentally unfair, any challenges to the hearing's outcome must typically be channeled through the ordinary process of appealing an immigration judge's ruling to the Board of Immigration Appeals. *See Hugo A. A. Q. v. Green*, No. CV 17-5755, 2018 WL 3993456, at *3 (D.N.J. Aug. 21, 2018) ("[A] petitioner seeking review of [a bona fide] bond decision must instead either appeal the bond denial to the BIA or seek his release through filing a request for a bond redetermination hearing.").

Petitioner's bond hearing satisfied the minimum requirements of due process. A bond hearing comports with due process if three elements are met: (1) There must be an opportunity for "factfinding based on a record produced before the decisionmaker and disclosed to [the petitioner];" (2) the petitioner must "be allowed to make arguments on his or her own behalf;" and (3) the immigration judge must make "an individualized determination of [the petitioner's] interests." *See Ghanem*, 2022 WL 574624, at *2. Petitioner's bond hearing satisfied the first and

second elements. Petitioner presented evidence, ECF No. 9-2 at 1–16, and Petitioner's Counsel argued on his behalf, *see* Bond Hearing Audio Recording, Parts 1 & 2.

The immigration judge then made an individualized determination as to Petitioner, satisfying the third element of due process. A bond hearing is individualized if it is not "so arbitrary that it would offend fundamental tenets of due process." *Romero v. Ogle*, No. 1:21-CV-01192, 2021 WL 8362027, at *3 (M.D. Pa. Nov. 12, 2021) (citation omitted). And if "there is a discernible rational basis for the underlying administrative decision," and the immigration judge applies the correct legal standards, that suffices. *Id.* Here, the immigration judge identified a specific basis for denying bond—she concluded on the record that Petitioner was a flight risk. She based this determination explicitly on the fact that Petitioner was a recent entrant, lacks familial ties to the U.S., and has no other discernable significant ties to the U.S. *See* Bond Hearing Audio Recording, Part 2 at 01:48–02:29. Petitioner argues that the immigration judge's decision amounted to a rubber-stamp and failed to give due consideration to certain facts. *See* ECF No. 9 at 1–2. Though the immigration judge could have certainly been more thorough in her reasoning, her reasoning was specific to the Petitioner, based on facts presented by the Parties, and had a rational basis. Nor can this Court reweigh the evidence in reviewing the outcome of Petitioner's bond hearing. *See Ghanem*, 2022 WL 574624, at *2.

The Court takes no position on whether the outcome of the bond hearing was correct. It reviews only whether due process was satisfied and concludes that the minimum requirements for due process were met here.

## II. <u>CONCLUSION</u>

For the foregoing reasons, Petitioner's Motion (ECF No. 9) to reverse the denial of bond and grant immediate release will be denied. An appropriate Order will follow.

**BY THE COURT:**

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**
