IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **IBRAHIMA MBODJ,** | : | CIVIL ACTION |
| *Petitioner,* | : |  |
| v. | : |  |
| **WARDEN OF THE FEDERAL DETENTION CENTER, PHILADELPHIA,** et al.,, | : | No. 26-cv-0263 |
| *Respondents.* | : |  |

## MEMORANDUM

**KENNEY, J.**                                                                                                     February 20, 2026

On January 15, 2026, Petitioner Ibrahima Mbodj filed a petition for a writ of habeas corpus, together with a Motion for a Temporary Restraining Order, challenging his detention without a bond hearing and seeking *inter alia* his immediate release from custody. *See* ECF No. 1 at 2; *see also* ECF No. 2-2 at 1–2. The Court granted the Petition, insofar as it concluded that Petitioner's detention without a bond hearing was unlawful, and ordered Respondents to provide Petitioner with a bond hearing at which the Parties could present evidence and arguments before the immigration judge.[1] ECF No. 6 at 1–2. Petitioner received a bond hearing on January 28, 2026. ECF No. 9 at 1–2. Following the bond hearing, Petitioner moved the Court to reverse the denial of bail and order his immediate release on the ground that the bond hearing was fundamentally unfair. *Id.* at 2.

---

[1] The Court denied Petitioner's Motion for a Temporary Restraining Order (ECF No. 2) as moot in light of the Court's grant of relief therein. *Id.* at 1–2.

1

On February 6, 2026, the Court denied Petitioner's Motion, finding that the bond hearing met the minimum requirements of due process. ECF Nos. 13–14. Following the Court's Memorandum Opinion and Order, Petitioner filed a series of unsolicited Status Reports.[2] ECF Nos. 15–16. Petitioner did not, however, appeal or otherwise move for reconsideration. *See* ECF Nos. 15–16. Petitioner now moves the Court for a Preliminary Injunction enjoining Respondents from detaining Petitioner until the final adjudication of the Petition for a writ of habeas corpus and ordering his immediate release from custody.[3] ECF No. 17-2 at 2. For the reasons set forth below the Motion (ECF No. 9) will be **DENIED as moot**.

## I.   DISCUSSION

As an initial matter, Petitioner erroneously asserts that the Court has not ruled on his Petition for a writ of habeas corpus (ECF No. 1). ECF No. 17-1 at 1. As discussed, the Petition was granted on January 23, 2026. *See* ECF. No. 6 at 1–2; *see also* ECF No. 13 at 1 ("The Court granted the Petitioner, insofar as it concluded that Petitioner's detention without a bond hearing was unlawful[.]").

Next, the Court does not "retain jurisdiction" over this matter as Petitioner claims. *See* ECF No. 17-1 at 1. The Court has already granted Petitioner relief. As a result of the Court's grant of relief in the January 23, 2026 Order, Petitioner was afforded a bond hearing on January 28, 2026. ECF No. 9 at 1. At the hearing, Petitioner presented evidence (ECF No. 9-2 at 1–16) and the immigration judge heard arguments from Petitioner's counsel. *See* Bond Hearing Audio Recording, Parts 1 & 2. At the conclusion of the bond hearing, the immigration judge concluded

---

[2] On February 12, 2026, Petitioner filed a Second Status Report seeking "extra-record" discovery on the issue of recent changes to bond hearing procedures. ECF No. 14 at 1–4. The following day, Petitioner filed another Status Report and appended an Affidavit of a former immigration judge opining on recent "irregularities in the administration of detained dockets[.]" ECF No. 16 at 1–2; ECF No. 16-1 at 1-2. Petitioner has renewed these arguments here. *See* ECF No. 17.

[3] The Motion incorporates by reference Petitioner's Second and Third Status Reports (ECF Nos. 15–16). ECF. No. 17.

that Petitioner was a flight risk and denied bond.  *See* Bond Hearing Audio Recording, Part 2 at 01:48–02:29.

After the bond hearing, Petitioner moved the Court to reverse the denial of bond and order his immediate release from custody. ECF No. 9 at 1–2. Petitioner argued that the bond hearing was fundamentally unfair and did not accord him due process. *Id.* at 1–2.  After careful review of the Bond Hearing Audio Recording and Petitioner's Status Report (ECF No. 9), the Court disagreed. ECF No. 13 at 1–2. The Court instead concluded that the minimum requirements of due process had been met and denied the Motion.  *Id.*; ECF No. 14 at 1–2. Accordingly, Petitioner was denied any further relief by this Court. ECF No. 14 at 1–2.

However, on February 19, 2026, after filing a series of Status Reports with the Court, Petitioner moved this Court for additional relief.  This time, Petitioner moves pursuant to Federal Rule of Civil Procedure 65 for a Preliminary Injunction to preliminarily enjoin Respondents from detaining him and order his immediate release.  ECF No. 17-2 at 1–2.  But as the Court has already stated, there is no more preliminary relief that the Court may grant Petitioner.  The Petition was granted, Petitioner was given a bond hearing that was not fundamentally unfair, Petitioner was denied bond, and now Petitioner remains detained pending removal. *Supra*.

The Court notes that even if it *could* offer Petitioner additional relief, he has failed to offer any substantive grounds for relief. That is because Petitioner's arguments fail to cast any doubt on the Court's previous determination that the bond hearing was not fundamentally unfair. *Infra.* As discussed at length in the Court's February 6, 2026 Memorandum Opinion (ECF No. 15), mere "disagreements about the outcome of the bond hearing" do not furnish a basis for relief in the district court.  *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2¬3 (3d Cir. Feb. 25, 2022). Petitioner's arguments, and accompanying Affidavit, merely express

about changes in outcomes of bond hearings—something plainly not within the Court's jurisdiction to consider. *See id*. Therefore, the instant Motion is denied as moot.

In sum, the Court may not grant Petitioner any further relief in this case. Petitioner has exhausted the remedies available to him in this Court. Petitioner was granted a writ of habeas corpus and received a bond hearing that was fundamentally fair. Petitioner's recourse now lies not with this Court, but with the appeals process outlined by the Board of Immigration Appeals. *See* ECF No. 13 at 2; *see also Hugo A.A.Q. v. Green*, No. CV 17-5755, 2018 WL 3993456, at *3 (D.N.J. Aug. 21, 2018).

## II. CONCLUSION

For the foregoing reasons, Petitioner's Motion (ECF No. 17) for a Preliminary Injunction will be denied. An appropriate Order will follow.

**BY THE COURT:**

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**